Good afternoon, Your Honors. May it please the Court. The two issues presently before the Court may be summarized thusly. One is proportionality, the other is disparity, and I'd like to speak to the first issue of proportionality first. This Court's opinion in Cardy reaffirmed the overarching duty of the district court to impose a sufficient sentence, but one that was not greater than necessary, in order to achieve justice. This is the mandate of Cardy, this is the mandate of Section 3553A6. In this case, what we leave, it imposed upon the district court a duty to closely consider the nature of controlled substance offenses that Mr. Ringgold suffered, specifically trafficking in small quantities of marijuana, and determining whether that was a reason for imposing a guideline sentence when those relatively small quantities of marijuana resulted in an offense level increase of 10. In Mr. Ringgold's case, from 14 to 24, and I'm excluding the other enhancement for it being a stolen firearm. I think it's clear that the guidelines do not accommodate this particular type of analysis, because they treat all drug offenses equally, at least for purposes of the enhancements. Whether you are a cocaine trafficker, a large-scale heroin importer, or any other type of drug, which may carry penalties which are much greater than those Congress has allocated for marijuana, the offense level increase is still the same. What's wrong with the decision of the district judge that we're really looking at recidivism, and if the person frequently conducts crime, regardless of the nature or the amount of it, that he should take that into consideration for that period? I understand the – well, the error is this, Your Honor. I believe that the court said, and this is where we really assign what we believe is substantive error. The court said that this particular offense level increase was pitched at the recidivism interest. I think that's incorrect. The recidivism interest is fully comprehended by the criminal history level assigned to Mr. Ringgold, in which this case was 6. The guidelines themselves, if you look at them closely, really aren't pitched at recidivism, because the offense level increase, let's say, if he only had one controlled substance prior, he would have been elevated from a level 14 to a level 20. Well, that's true, but those are felonies. They are. And we treat felonies different from – we do minor amounts, as you refer to them. They may be minor in comparison to people that have been tons over, but if we consider it a felony, isn't that significant, two felonies? I'm not sure it is, Your Honor. And certainly the fact that they're felonies is what brings them within the guidelines definition to begin with. The misdemeanor, at least my understanding of the control – I think that's just feedback. Okay. I'm sorry. The controlled substance offenses are only pitched at felonies. So I'm not sure that that is a difference which the district court – which would have made any difference, because it's got to be a felony to begin with. But why isn't that within the district court's discretion now that the guidelines are advisory and we impose – we give considerable discretion to the district judges? Yeah. And I'm not suggesting, Your Honor, that the United States Circuit needs to abrogate the discretion. In fact, that's the manner in which you review these sentences for reasonableness and abuse of discretion. Our suggestion is that when the district court assumes an incorrect premise for imposing a guideline sentence, then we have substantive unreasonableness. In this case, he's looking at this being pitched at recidivism rather than the nature of the prior offenses. And certainly this Court's opinion in both Sanchez-Rodriguez and Reyes instruct that these – that the nature of the prior offenses are precisely the type of conduct that the Court may take into consideration. So I'm not suggesting, as the government has stated, that we're going on a premise of procedural unreasonableness. What I'm saying is that the Court actually looked at these, at least very briefly, and just said, well, this is really pitched at recidivism. And I think that that was fair. What about disparity? Disparity, Your Honor, that's – well, let me begin by saying this. It does not seem clear precisely what this Circuit's position is on disparity. The Williams case, which was decided pre-Booker, certainly noted that the district court in that case erred in taking the difference between a felon in possession case in State court and a felon in possession offense in Federal court and adjusting  But it didn't seem to ban it, and certainly post-Booker, a number of circuits are looking at the issue much more closely. And – But all of them have come out against your position, your assertion. Well, many of them have, Your Honor, but certainly the cases at the government sites, all but one of them were actually decided prior to Booker. And we still have the Fourth Circuit, which is a little bit unclear, but it's not categorically banned. The First Circuit, which seemed to have said it's appropriate in certain cases. But the Tenth Circuit, the Second Circuit, the Seventh Circuit, they all seem to be opposed to you. Do you have a circuit case that adopts your position? We do not have one that specifically says the court must take these into account, Your Honor. I've not been able to find one. But certainly – Even anything close to it? Well, the circuits such as the Fourth and the First, which have looked at it and said it is not inappropriate to consider this, I think is close enough. And to the extent that the district courts are beginning to adopt that as well is illustrated in United States v. Mapp. Based upon that, isn't the reasoning of Williams still intact, even at – even post-Booker? I'm not sure it is, Your Honor. And the problem is this, is there, I think, has been something of a failure to acknowledge that the guidelines and the State criminal schema are inextricably intertwined. It's nice to be able to divorce the guidelines from State and saying that, well, we're seeking, you know, national uniformity. But the problem is, to the extent that the guidelines are based quite often, both in terms of criminal history and the way that certain definitions are meted out, such as controlled substance offense, they are purely a function of State law. And they're going to vary from State to State to State. A controlled substance offense in California may not be a controlled substance offense in Nevada, even though it involves the same kind of underlying conduct. And that's precisely the point that I'm trying to make, is that we're not going to, I think, ever get to a point where the guidelines are not dependent to a great degree on State offenses. And as long as that context and that connection is there, and as long as States, in their power, define crimes differently, I think we're going to be in a position where guidelines are going to vary. And I think that that is perfectly appropriate for a court to take into account. Right. But your position is that the court must take it into account, right? I believe – yes, it is. I think that that is a – And I think there is where we don't have any support in the other circuits. Why do you think that a district court must take it into account, and it's a reversible error if the district court does not take it into account? I think the problem, Your Honor, is that ultimately we're left with a mandate from 3553A and questions about how far the mandate stretches and how to enforce it. And to the extent that you still have the parsimony principle in play and that the court is supposed to oppose a sentence that is sufficient but not greater than, then the court is under an affirmative obligation to canvass those particular issues that are raised by the defense and the government in support of the sentence and make sure that the sentence that is imposed fully contemplates and fully comprehends those. And in this case, again, as the court would see by looking at the excerpts of district court as kind of pronouncing its reasoning for imposing the sentence that it did, that it seems to focus more on, you know, criminal history and not necessarily the extent of disparities. I'm sorry, Judge Lieber, are you trying to ask a question? No, no. I did nothing. I'm sorry. It's the feedback that's a little confusing. Section 3553A, which is the basis of your argument, indicates there should not be unworn or disparate. Correct. And so the courts that have looked at this have said, well, we'll just have a patchwork depending upon what the state does and there would be no uniformity throughout the United States. But in spite of the fact there's one federal statute that's criminalized, what's your response to that argument? Well, the fact, you know, uniformity, I'm not saying it's not a laudable goal, but there's got to be give and play. And to the extent, again, that the guidelines are so dependent and so intertwined with state offenses in the way that they're defined, you may quite well end up with a patchwork. And, you know, the sentencing policies of a particular district, there's nothing that I've seen in either the history of 3553A or any of the case law which suggests that it is inappropriate to consider kind of that locus. I mean, the locus is ultimately an effect on the guidelines. It's just very, very difficult to get away from that. And as Mr. Ringel's case is, I think, quite illustrative of, the nature of those offenses are what drives the guidelines. I see I'm getting very close on time. You can reserve the remainder. Thank you. Thank you very much. We'll hear from the government. May it please the Court. My name is Wilson Leung. I'm an assistant U.S. attorney in the Northern District of California, and I represent the government in this appeal. Mr. Ringel's argument is that the district court failed to consider 3553 arguments at sentencing. But neither argument has any validity because of the fact that the record plainly contradicts the assertion that the court failed to consider these arguments. With respect to the first claim concerning the marijuana prior convictions, at pages 30 to 33, excuse me, 30 to 31 of the excerpt of record, the court specifically considered the defense argument at the time that the prior marijuana convictions that the 10-level enhancement under the guidelines overstated the severity of the offense because the enhancement failed to consider the underlying nature of the offense, and that the nature of the offense, because it involved small quantities of marijuana, was not as bad as cocaine or crack or heroin. Right. But I understood their argument to be that there was not procedural error in terms of proportionality, but there was substantive error. I think, unless I misinterpreted them, the defense is arguing, sure, the district court looked at it, but the district court erred substantively, not procedurally. In that event, if both claims are based on substantive error, Your Honor. Well, let's just take the first one. With respect to the substantial reasonableness of the sentence, Your Honor, the district court, in very detailed analysis that begins on page 30 to 31 of the case, through page 33 to 34, looked at the history and characteristics of this defendant, as well as the nature and circumstances of the offense, and the other 3553A factors. It noted that this defendant had a lot of prior convictions, committed crimes one after the other, and indeed committed crimes while on probation for previous offenses. Also noted that this defendant had two prior state felony convictions for being a defense just five months after he served his sentence for the second of the state felony convictions for the firearms offense. And in light of all these factors, the court decided that a guidelines range sentence, a sentence at the bottom of the applicable guidelines range, was appropriate. So we would respectfully submit that, under Carde, the totality of circumstances would suggest that the guidelines sentence was appropriate and reasonable. But the defense argument is that this isn't contemplated really within the guidelines, this type of analysis, and therefore the district court ought to have accounted for it. What's your response to that? Well, Your Honor, I note that Carde does not, Carde holds that a guidelines range is not presumptively reasonable. However, it noted that a guidelines range generally should be reasonable. And we respectfully submit that, in this case, it was because of the fact that the court did consider the arguments that counsel raised below and didn't find them convincing. In light of the defendant's substantial criminal history and his recidivism, and in fact, the circumstances of the instant arrest in which the defendant actually ran away from the police and only was stopped after he crashed his car in the company of two other armed individuals, we respectfully submit that, again, under the totality of circumstances, the court considered the argument below but didn't find the claim concerning the marijuana priors to be persuasive. Why did you turn to disparity? With respect to disparity, Your Honor, we respectfully submit that the court considered it and rejected it, finding that there was no unwarranted disparity. The more interesting issue, perhaps, is whether, as a matter of law, the district court should have went so far as to consider that claim. And the statute that the defendant would invoke is 3553a6, which states that the court should sentence with the understanding that there's a need to avoid unwarranted sentencing disparities. That's been interpreted to mean that Congress intended for national uniformity, not uniformity between the federal and the state level. That's saturn. And it's ironic that the defendant would seek to use this particular statute in order to use it to bootstrap state sentencing practices at the federal level, because by doing so, as Judge Wallace pointed out, every single circuit court that has considered the issue has come to the conclusion that incorporating state sentencing practices would inject great inconsistency based simply on the happenstance of where a defendant was charged and prosecuted. But there are some circuits that say, which hold that it's permissible for a district court to take disparity into consideration. Do you agree with that approach? I think that the Fourth Circuit in Clark is the closest to holding so. And I think the Fourth Circuit indicated that it's not a valid factor under 3553a6, although it may be under a different portion of 3553a. And I believe that there were two concurrences which suggested that perhaps it might be appropriate under 3553a, perhaps even under a6, for particular crimes, such as a crime that is incorporated under a state crime that's incorporated under federal statute. Right. So we both read the same case. What's the government's position? Well, we respectfully disagree with the concurrence, because not all incorporated crimes, well, incorporating a crime doesn't make it a state crime charged in federal court. It makes it a federal crime. And I would point out, for instance, under 18 U.S.C. 1959, which is the violence-invaded racketeering statute, assault with a dangerous weapon in state court becomes a federal crime of violence-invaded racketeering if it's a crime motive. And that's an entirely separate offense. So to the extent that Vicar 1959 incorporates a state crime as a predicate for one of its elements, it doesn't necessarily incorporate the sentencing, the applicable sentencing scheme that the State would also impose, because it's transformed into an entirely different animal. So just to cut through to the government's position, are you advocating that it should never be used or that it should only be used under rare circumstances? What's the government's position on that? Our position is that under 3553A6, state-federal disparity is an inappropriate consideration. So you say the district court erred in even considering it in the first place in this  We do, Your Honor. Obviously the ---- Do you agree with the position of the Sixth and Eighth Circuits? We do, Your Honor. Is it mandatory that you can't? We do, Your Honor. The Sixth and Eighth ---- The Second Circuit came out before the government but did not reach that point. The Second Circuit and Johnson explicitly in a footnote, Judge Cabrera specifically reserved the issue as whether it was precluded. They found that it was not unreasonable for a district court not to consider it. And then you have the Fourth. What's wrong with the Second Circuit's reason on that, that they don't have to go all the way they can make the decision on the lesser ground? I think ---- We would not be opposed to it, Your Honor. However, we think that the plain meaning of 3550, the plain meaning of A6 would suggest that anytime you consider a state-federal disparity claim, you are injecting additional disparities, unwarranted disparities into the federal system. And that is particularly so after Kimbrough because Kimbrough essentially allowed district courts to disagree and impose variances from guideline sentences based on disagreements with the sentencing guidelines. However, I think Kimbrough stands for the issue that 3553A, 1 through 7, including 6, is now more important than ever in guiding a district court's discretion. And to the extent post-Kimbrough that that Kimbrough means anything, it means that the Court should carefully consider 3553A, including A6, in fashioning a sentence because that is the principal way that Congress has manifested its will. And therefore, the Court's discretion, while it may deviate from a guidelines policy, cannot deviate from the statutory scheme. Well, Counsel Lee, let's look just at Williams. We understand that Williams now does not apply a measure. The guidelines are no longer mandatory. But Williams has reasoning in it that we came to that conclusion. And the reasoning looks very much like the Second, Seventh, and Tenth Circuit. And there isn't anything that I found in Williams that would be like the Sixth and Eighth Circuit approach. Is this the Williams case from 2006? We're talking about the Ninth Circuit Williams. The Ninth Circuit. The Ninth Circuit Williams case was pre-Booker. Yes, Your Honor. It was pre-Booker.   Incorporating state-federal disparities was an abuse of discretion in the guidelines scheme because of the fact that it injected inconsistencies into the federal scheme still applies with even greater force post-Booker, post-Kimbrough. Because to do so, to incorporate state practices, to look at state-federal disparities, would be to fundamentally undermine 3553A6, which is a statute promulgated by Congress and not merely a guideline promulgated by the Sentencing Commission. But the Second, Seventh, and Tenth Circuit followed pretty closely our reasoning and coming to the same conclusion post-Booker. And I'm just wondering why we should reject our reasoning of Williams, even assuming that we accepted your argument as to result, why you feel we should reject our reasoning of Williams, the pre-Booker case. I'm not sure if adopting the Sixth and Eighth Circuit's approach would necessarily reject Williams, Your Honor. I think it's more an extension of Williams. There is nothing inconsistent between the Ninth Circuit's decision in Williams with the Eighth Circuit case in Jeremiah and the Sixth Circuit case in Malone. In fact, it's a natural extension that if it's an abuse of discretion to downwardly depart based on state-federal disparities, it would equally be an abuse of discretion to impose a non-guideline sentence under 3553A6. So what you're saying is, as a matter of law, a different sentence, a lower sentence in the state court would always be an unwarranted deviation. Yes, Your Honor. To the extent that 3553A6 contemplates or requires district courts to try to ensure consistency in federal sentences, injecting state court sentencing practices would seem to contradict the plain terms of 3553A6. Okay. Thank you, counsel. Thank you, Your Honor. We'll give you two minutes for rebuttal. Your Honor, I want to begin just by picking up on this court's thread on the disparity argument. One of the things that seemed to animate some of the circuit opinions stating that they didn't like the whole federal-state sentencing disparity analysis was the manner in which the issue was raised in the trial court record and the conduct it was focused upon. In one event, I can't remember which particular case, but somebody proffered plea offers emanating from the district attorney's office. And there may be, I think, fair disagreement with what evidence would be sufficient to support a federal-state sentencing disparity argument, but I tried to be very careful here. I was counsel for Mr. Ringgold in the trial court, and what I referred to was the actual statute, the statutory maximum for felon and possession cases. And by that vehicle, what I was trying to do was provide the district court with a fair enough read on this is the statutory maximum, this is the most that a person can get. And so when you take that into account, I think you have a much fairer barometer that is not subject to a lot of variances. You can take a look at the way the statute is enacted and the maximum penalty set forth to determine if this is the way that California looks at it and, in contrast, this is the way Congress looks at it, depending on whether it's an aggravator in state courts. And I think that gave the district court a sufficient basis upon which to really kind of analyze the problem. And once again, the courts seem more concerned, as does the government here, with repeated nature of conduct and recidivism, and that is where we assign the error. If the court was going to reject the federal-state sentencing disparity, I think it would have been proper to do so on different grounds than recidivism. With respect to some of the other issues, this all washes out the manner of our review for reasonable reasons. And what I hear you saying is that this factor can be considered by the district court to be a case that compels the district court to do something, what, within the limits of the state or near the limits, or where do you get when you do that? Well, what I think you get, Judge Levy, is a spectrum within which the district court can operate. And our issue is that the court seemed to articulate a basis distinct, in fact divorced from, the basis for which we're saying that consideration of federal-state sentencing disparity is appropriate. Again, the court seemed most focused on Mr. Ringo's criminal history and recidivism, and what we were trying to get the court to focus on was the maximum that the state set as opposed to the maximum that the Congress set in enacting 18 U.S.C. 922-G1. And to the extent that recidivism was the district trial court's predicate, we assert that that was error, and it rose to the level of substantive unreasonableness. Okay. Any further questions? Thank you both for your arguments. The case just argued will be submitted. Thank you, Your Honor.
judges: Wallace, Leavy, Thomas